## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lisa Gieringer, | : |
| | : |
| Plaintiff, | : Civil Action No.: 3:20-cv-921 |
| v. | : |
| | : |
| Capital Link Management LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Lisa Gieringer, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Lisa Gieringer ("Plaintiff"), is an adult individual residing in Land O' Lakes, Wisconsin, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Capital Link Management LLC ("Capital"), is a New York business entity with an address of 100 Corporate Parkway, Suite 106, Amherst, New York 14226,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Capital and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Capital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Capital Engages in Harassment and Abusive Tactics**

12.     In late January 2020, Capital contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation on February 3, 2020, Capital falsely threatened to sue Plaintiff if the Debt was not paid immediately.

14.     In an effort to avoid being sued, Plaintiff agreed to pay the Debt. Plaintiff provided Capital with her bank account information and authorized an automated withdrawal.

2

15.     On February 7, 2020, Capital attempted to withdraw the payment, however the transaction was blocked by Plaintiff's bank.

16.     On February 10, 2020, Capital spoke with Plaintiff and reiterated its threat of legal action against Plaintiff if the Debt was not paid that day.

17.     On February 13, 2020, Capital falsely told Plaintiff that the lawsuit was filed and that Plaintiff's wages would be garnished. In fact, no such lawsuit has been filed to date.

18.     In late February 2020, Plaintiff sought services of legal counsel and serviced Capital with a notice of attorney representation on March 9, 2020.

19.     Thereafter, Capital continued calling Plaintiff in an attempt to collect the Debt.

20.     Capital's actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

**C. Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq*.**

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants

contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action, without actually intending to do so.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

4

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

5. Such other and further relief as may be just and proper.

Dated: October 5, 2020

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff

5